## DUFF *v.* LYON.

In an action of trespass, brought by a tenant against his landlord, for interfering with his possession by taking down a portion of the demised premises, and making alterations or additions to the building without the consent of the tenant; it is not competent to ask witnesses the general inquiry, What was the amount of the damage sustained by the plaintiff?

The witnesses should state the facts, and may give evidence of any special damage which is alleged in the complaint; but the jury are to *estimate the damages* in view of all the facts *proved.*

The defendant will not lose the benefit of an exception to the admission of improper testimony, by cross examining the witnesses thereon.

THE parties to this suit held the relation of landlord and tenant. During the tenancy, the landlord entered upon the demised premises, and made alterations and additions, involving the necessity, among other things, of taking down and replacing a stairway. The tenant brought an action of trespass, in the marine court, and recovered a judgment, from which the defendant appealed.

On the trial, witnesses were allowed to state what, in their opinion, was the pecuniary damage sustained by the plaintiff in consequence of the alleged trespass. The defendant's counsel objected to this testimony.

BY THE COURT. INGRAHAM, FIRST J.—There can be no doubt that the court below erred in permitting the questions to be put to the witnesses, Raymond and Rodabock, asking what amount of damage was occasioned by the trespass complained of. The rule is well settled, that the opinions of witnesses, giving such general estimate of the damages occasioned by a trespass of any kind, are not admissible.

The facts of the trespass are to be shown by the witnesses. If special damage is alleged in the complaint, such special damage may also be given in evidence. But in no event can the opinions of the witnesses, as to what amount in money

Duff v. Lyon.

such damage should be estimated at, be admitted. That belongs exclusively to a jury, or the court acting as the jury, and their opinion is founded on the nature of the trespass complained of, and the extent of the injury, as detailed to them by the witnesses.

It is said that the defendant cross examined the witness as to the items of this estimate of damage, and thereby made the evidence his own; but this is not the rule. The question had been admitted by the court in the direct examination, and the defendant had a right to test the correctness of that answer after exception, by a cross examination, without losing the benefit of the exception.

It is also said, that the testimony is that of experts, and therefore admissible. No such doctrine is applicable to evidence of this kind. I know not any particular skill to be obtained by persons in estimating damages arising from a trespass, unless it be from having been sufferers from similar acts on former occasions, which is not the kind of knowledge required from an expert.

It was also erroneous to allow evidence to be given of damage to Mr. Rodabock, because no special damage appears in the complaint, and because the plaintiff had no right to recover for damages to a third person residing on the premises. If he had been injured, the right to recover for such injury belonged to him. It does not, however, appear that this testimony was objected to at the time, and the judgment was general.

The judgment appears, also, to be entirely against the evidence, which shows that at the time of the hiring, the plaintiff understood that the alterations were to be made, and consented to them, when the carpenter proposed going on with the work.

As the judgment must be reversed for the other errors in the admission of evidence, it is unnecessary to examine that point more particularly.

Judgment reversed.